Filed 1/16/24  In re I.P. CA2/8

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re I.P. et al., Persons Coming Under the Juvenile Court Law. | B326088 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIA J.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. No. 22CCJP01954A-D |

APPEAL from orders of the Superior Court of Los Angeles County.  Ashley Price, Commissioner.  Appeal dismissed.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

————————————

The mother in this dependency case challenges the juvenile court's jurisdictional findings and orders concerning three of her four children.  During the pendency of her appeal, the juvenile court terminated jurisdiction over the three children, who had remained placed with mother throughout the proceeding.  The Los Angeles County Department of Children and Family Services (Department) filed a motion to dismiss the appeal as moot.  We agree the appeal is moot, and we decline to exercise our discretion to address mother's challenge to the jurisdictional findings and orders.

## BACKGROUND

Mother Maria J. has four children:  daughter I.P., son D.P., son I.R. and daughter A.R.  Her daughter I.P. is the oldest, now a teenager.  The father of I.P. and D.P. is A.P.; the two youngest children have a different father, J.R.M.  Neither father is a party to mother's appeal.

In May 2022, the Department filed a juvenile dependency petition, and amended the petition in July 2022.  The amended petition, as sustained on October 20, 2022, alleged that J.R.M., father of the two younger children, sexually abused I.P., and that mother knew of the sexual abuse and failed to protect I.P., placing her and her siblings at risk.  The allegations of each of the sustained counts were identical.  After describing J.R.M.'s sexual abuse, the petition alleged mother knew of the abuse and allowed J.R.M. to reside in the home and have unlimited access to I.P.  "The mother has an inability to protect the child as the mother has repeatedly stated she does not believe the child was sexually abused by [J.R.M.].  Such sexual abuse of the child [I.P.] by [J.R.M.] and the mother's failure to protect the children endangers [I.P.'s] physical health, safety and well-being and

places child and the child's siblings, [D.P., I.R. and A.R.] at risk of serious physical harm, damage, danger, sexual abuse and failure to protect."

As to I.P. and D.P., the allegations were sustained under Welfare and Institutions Code section 300, subdivisions (b)(1) (failure to protect), (d) (failure to protect from sexual abuse), and (j) (abuse or neglect of sibling). As to I.R. and A.R., the allegations were sustained under subdivisions (b)(1) and (j).

The court declared all the children dependents of the court; removed I.P. from mother; and, among other things, placed D.P. with both parents and I.R. and A.R. with mother, under supervision of the Department.

Mother filed a timely notice of appeal.

## DISCUSSION

In her opening brief, mother stated she "does not contest the jurisdiction findings and orders with respect to [I.P.]." But she contended the findings and orders with respect to the other three children were not supported by substantial evidence. Mother contended D.P., I.R. and A.R. did not face any current or future risk of sexual abuse; the other three children did not witness any inappropriate conduct; they were "dissimilarly situated from [I.P.], and faced a significantly lower risk of similar abuse"; and J.R.M. did not reside in the family home.

The Department filed its respondent's brief and at the same time filed a request for judicial notice and a motion to dismiss the appeal.

We grant judicial notice of minute orders of the juvenile court and final juvenile custody orders, as requested by the Department. The minute orders show that on April 20, 2023, the juvenile court granted a motion to terminate jurisdiction, and on

3

April 28, 2023, the court received, signed and filed juvenile custody orders terminating jurisdiction over each of the children. The custody orders show mother has sole physical custody of I.R. and A.R., and joint legal custody with their father.  Mother has joint legal and joint physical custody of I.P. and D.P. with their father.

We agree with the Department that mother's appeal of the October 2022 jurisdictional and dispositional orders is moot, and we decline to exercise our discretion to decide the appeal.  We have considered mother's late-filed opposition to the Department's motion, but find her opposition to have no merit.

The governing principles are described in *In re D.P.* (2023) 14 Cal.5th 266 (*D.P.*).  "[W]hen a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal, the case is not moot, and merits review is required. When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*Id.* at p. 283.)

Here, mother makes no serious contention that her appeal is not moot.  Indeed, she concedes she "cannot identify a 'specific legal consequence' this Court could redress," and concedes this court cannot provide "immediate, effective relief which would presently alter" mother's legal status.  As in *D.P.*, mother "has not demonstrated a specific legal or practical consequence that would be avoided upon reversal of the jurisdictional findings." (*D.P., supra,* 14 Cal.5th at p. 273.)

 Nor are we persuaded this is an appropriate case to exercise our discretion to decide a moot appeal.  In *D.P.,* the Supreme Court discussed a nonexhaustive list of factors for assessing whether a court should exercise discretionary review of

a moot appeal. (*D.P.*, *supra*, 14 Cal.5th at pp. 285–287.) These include whether the challenged jurisdictional finding could be prejudicial to the appellant in future dependency proceedings (*id.* at p. 285); whether the finding is based on particularly pernicious or stigmatizing conduct (*id.* at pp. 285–286); and whether the case became moot due to prompt compliance by parents with their case plan (*id.* at p. 286).

Mother recites each of these factors (in less than one page of argument, most of it consisting of quotations from *D.P.*)*,* but does not explain or elaborate on their application in her particular case. She says the finding she exposed her children to sexual abuse would prejudice her in a future proceeding but does not explain how. She quotes the language from *D.P.* about pernicious or stigmatizing conduct, but she has not contested the jurisdictional findings concerning I.P., the child who was the subject of the abuse. The only factor cited that arguably favors mother is her apparently prompt compliance that resulted in the termination of jurisdiction.

*D.P.* instructs us to consider all relevant factors, the totality of the evidence, and the overarching goal of the dependency system to safeguard children, with a focus on preserving the family and the child's well-being. (*D.P.*, *supra*, 14 Cal.5th at p. 286.) Having done so and having balanced the pertinent considerations, we decline to exercise our discretion to consider the merits of mother's moot appeal.

5

## DISPOSITION

The appeal is dismissed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


WILEY, J.